## Dickerson v. Maione

*Charles Skomski,* for plaintiff.
*Dennis J. Slyman,* for defendant Peggy J. Roberts.

ACKERMAN, *J.,* April 10, 1991—The issue before the court is whether summary judgment should be granted in favor of either the plaintiff or Peggy Roberts, one of the defendants, where the plaintiff was injured by an unlicensed driver who was operating Roberts' automobile. I conclude that both motions for summary judgment should be denied.

This case turns on an interpretation of 75 Pa.C.S. §1574, which under subsection (a) prohibits the loaning of a motor vehicle to an unlicensed driver. Christopher Maione was unlicensed when he borrowed the Roberts' automobile and injured his passenger, James Dickerson. Subsection (b) provides:

"*Penalty*—Any person violating the provisions of subsection (a) is guilty of a summary offense and shall be jointly and severally liable with the driver for any damages caused by the negligence of such driver in operating the vehicle."

Section 1574 was considered in *Com., Dept. of Welfare v. Hickey,* 136 Pa. Commw. 223, 582 A.2d 734 (1990), and was interpreted as placing vicarious liability upon one who permits her automobile to be used by an unlicensed driver. Vicarious liability and imputed negligence are the same concept, which places liability upon a person who is, in fact, innocent of any wrongdoing. Its usual application can be found in the common law doctrine pertaining to the liability of a master for the negligent act of his servant, where the master, because of the special relationship existing between him and his servant, is held liable for the servant's negligence even though the master himself has done nothing wrong. This doctrine broadened the scope of an injured party's ability to recover upon a single negligent act. The statute in this case does the same thing, but substitutes the unlicensed status of the borrowing driver for the common law relationship as the operative condition.

From his concurring opinion in *Hickey,* we see that Judge Doyle would add the requirement that the plaintiff plead and prove that the owner knew that the driver

was unlicensed. Such a requirement would seem to be essential before criminal sanctions could be imposed under the statute, since due process would not tolerate a finding of guilt without knowledge on the part of a defendant. However, the statute provides two penalties, one criminal, one civil, and while the criminal law does not recognize vicarious liability, the civil law does. The majority opinion, it must be noted, does not incorporate the knowledge requirement espoused by Judge Doyle. Since Ms. Roberts' lack of knowledge concerning the status of Maione's license is immaterial to the issue of her liability, her motion for summary judgment, which is based upon her lack of knowledge, will be denied.

The plaintiff's motion for summary judgment must likewise fail. The plaintiff reasons that since he has obtained a default judgment against Maione that Roberts, by reason of her vicarious liability, is also liable to him. The default judgment is the legal conclusion that Maione is liable to the plaintiff because of his failure to respond to the plaintiff's complaint. The statute, however, places liability upon the owner of the vehicle vicariously where the driver has been found to be negligent. Negligence is a mixed finding of fact and law which notwithstanding the default judgment and evidence that Maione was also driving while under the influence of alcohol, has not been conclusively established.

## ORDER OF COURT

And now, April 10, 1991, the motions for summary judgment filed by the plaintiff, James I. Dickerson, and the defendant, Peggy J. Roberts are denied.